UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS' LOCAL 324 PENSION
FUND,

Case No. 2:15-cv-12272

    Plaintiff,

HONORABLE STEPHEN J. MURPHY, III

v.

BOURDOW CONTRACTING, INC.,

    Defendant.
_____/

## **OPINION AND ORDER ASSESSING DAMAGES**

Plaintiff is a union pension fund that brought a withdrawal liability action against Defendant, a family-owned contracting business. The Court found that Defendant is in fact the alter ego of a prior family business and granted Plaintiff's motion for summary judgment. To aid the Court in assessing the appropriate damage award, it invited supplemental briefing from both parties.

Plaintiff brought the action under 29 U.S.C. § 1145. Subsection 1132(g)(2) of that chapter therefore controls. Under the subsection, a judgment in favor of the plan must include five things:

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of--
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

*Unpaid contributions* — The Court previously found that Defendant waived any objection to the initial withdrawal liability amount of $1,163,279.00, so that is the starting point. And because Plaintiff already received $52,033.98 for its proof of claim in the bankruptcy, the amount is subtracted by that amount, resulting in $1,111,245.02.

*Interest on the unpaid contributions* — Interest on unpaid contributions is "determined by using the rate provided under the plan." *Id.* Here, the plan provided the rate of 12% per annum. ECF 41-5, PgID 1438 (Art. VII, sec. 2). Generally, the interest is calculated from the time of the demand until the date of judgment, but courts will sometimes suspend "the running of prejudgment interest during periods of delay in the proceedings," *Malden Mills Indus., Inc. v. ILGWU Nat. Ret. Fund*, 780 F. Supp. 68, 72 (D. Mass. 1991). Neither party has suggested that the interest period should have been suspended, so the Court calculates it from November 1, 2012 (the date of the original demand) to today (the date of judgment). That method results in $1,027,956.82.[1]

*Interest or liquidated damages* — Section 1132(g)(2)(C) permits the greater of two options: "interest on the unpaid contributions," or "liquidated damages provided for under the plan," capped at 20% of the unpaid contributions. The plan specifically provided for § 1132's liquidated-damages provision and set the interest rate at 18% per annum. ECF 41-6, PgID 1447. Plaintiff avers that amount exceeds the 20% cap, so it seeks interest on the unpaid contributions. ECF 41, PgID 1395. Defendant made no

---

[1] $981,176.61 plus 37 days of interest at a per diem rate of $1,264.33. The Court relies on Plaintiff's expert's calculations. ECF 41-4. Although Defendant opposed the consideration of these calculations altogether, ECF 48, PgID 1509, it provided no particular arguments against them, and did not provided an alternative.

challenge to these figures or calculations specifically, so the Court accepts them. The Court will therefore award Plaintiff $1,027,956.82 in interest under § 1132(g)(2)(C)(i).

*Reasonable attorney's fees and costs* — Plaintiff seeks $54,822.21 in fees and costs. ECF 41, PgID 1395. Plaintiff's attorney's hourly rate has principally been $180/hour, and in some cases up to $200/hour. ECF 41-7. In light of the Court's experience, Plaintiff's counsel's affidavit, and Defendant's failure to specifically contest the amount, the Court finds that the rates charged are reasonable and commensurate with the prevailing market rate and further finds that the time expended is well-documented and supported by the demands of the case. The Court will therefore grant Plaintiff $54,822.21 in costs and fees.

The Court finds no grounds for any other legal or equitable relief under § 1132(g)(2)(E). Accordingly, the Court will enter judgment in the amount of $3,221,980.87, calculated as follows:

$1,111,245.02 (unpaid contributions under subsection (A))

+ $1,027,956.82 (interest on the unpaid contributions under subsection (B))

+ $1,027,956.82 (interest on the unpaid contributions under subsection (C)(i))

+ $54,822.21 (attorney's fees and costs)

**$3,221,980.87**

Dated: March 28, 2018

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager